UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-------------------------------------------------------------------x

WEST-LOT LIMITED, NAOUSIS,

                                  Plaintiff,          08 CV

-v-

                                                           **VERIFIED COMPLAINT**

LOGISTICA HOLDING LTD, LOGISTICA
HOLDING LTD, GENEVA BRANCH, and
EGYPTIAN TRADERS CO.

                                 Defendants.

-------------------------------------------------------------------x

Plaintiff, WEST-LOT LIMITED, NAOUSIS, (hereinafter "WEST-LOT") by its

attorneys, CHALOS & CO, P.C., as and for their Verified Complaint against Defendants,

LOGISTICA HOLDING LTD, LOGISTICA HOLDING LTD, GENEVA BRANCH, and

EGYPTIAN TRADERS CO. (hereinafter referred to as "LOGISTICA", "LOGISTICA

GENEVA" and "EGYPTIAN TRADERS" respectively), allege upon information and belief

as follows:

<u>JURISDICTION</u>

1.      The Court has subject matter jurisdiction by virtue that the underlying claim

herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal

Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court

under 28 U.S.C. § 1333.

THE PARTIES

2.      At all times material hereto, Plaintiff, WEST-LOT, was a foreign business entity with a principal place of business at 1 Karapatakis Building, P.C. 6018, Larnaca Cyprus.

3.      At all times material hereto, Defendants, LOGISTICA, and LOGISTICA GENEVA, upon information and belief, were and still are foreign business entities with a principal place of business at 86 Jermyn Street, London, SW1y 6AW, United Kingdom.

4.      At all times material hereto, Defendant, EGYPTIAN TRADERS, upon information and belief, were and still are foreign businesses entities with a principal place of business at Tower 1, Wataneya Complex, 14th of May Road, Smouha, P.O. Box 345, Alexandria 21615, Egypt.

FACTS AND CLAIM

5.      On or about September 25, 2008, WEST-LOT entered into a contractual agreement with Defendant, LOGISTICA, under which the Defendant agreed to buy and take delivery of a cargo of Ukranian origin wheat in bulk in exchange for payment of USD 225.00 per metric ton.

6.      Pursuant to the terms and conditions agreed between the parties in the subject agreement, the MV FURKAN was chartered to deliver the subject cargo to the port of Abu Qir, Egypt.

7.      The parties further agreed to the payment of demurrage to WEST-LOT and the arbitration of disputes arising out of the maritime contract.

8.      On or about October 3, 2008 WEST-LOT entered into a second contractual agreement with Defendant LOGISTICA, under which the Defendant agreed to buy and take

delivery of a cargo of Ukranian origin wheat in bulk in exchange for payment of USD 216.75 per metric ton.

9.      Pursuant to the terms and conditions agreed between the parties in the subject agreement, the MV KING A was chartered to deliver the subject cargo to the port of Abu Qir, Egypt.

10.      The parties further agreed to the payment of demurrage to WEST-LOT and the arbitration of disputes arising out of the maritime contract.

11.      These contracts for the bulk delivery of cargo are maritime contracts.

12.      Due to Defendant LOGISTICA'S failure to properly unload the cargo in a timely manner, WEST-LOT has incurred demurrage charges on both the MV FURKAN and the MV KING A.

13.      Despite demands by WEST-LOT and LOGISTICA's promises to pay for and take delivery of the cargo in a timely manner, LOGISTICA, in breach of the terms of the September 25, 2008 and October 3, 2008 agreements, has wrongfully failed, neglected and/or otherwise refused to pay Plaintiff for all amounts undisputedly due and owing. Copies of the final invoices for the September 25, 2008 and October 3, 208 agreements are attached hereto as Exhibit "1" and Exhibit "2" respectively.

14.      Pursuant to the terms of the parties' agreement, disputes between the parties are to be submitted to arbitration in London with English law to apply.

15.      Pursuant to the terms of the parties' agreement, Plaintiff has appointed Mr. Richard Faint as arbitrator to resolve the underlying dispute.

16.      This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of London arbitration proceedings.

Chalos & Co ref: 2043.005

17.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law.  Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party.

18.     As best as can now be estimated, the Plaintiff WEST-LOT expects to recover the following amounts in London arbitration from Defendant LOGISTICA:

| | | |
|---|---|---|
| A. | Principal claim: | *$ 1,246,975.10* |
| | *1. September 25 Agreement:  $ 653,563.90* | |
| | *2. October 3 Agreement:      $ 593,411.17* | |
| B. | Estimated interest on Principal claim:<br>3 years at 7.5%, compounded quarterly | *$ 311,390.10* |
| C. | Estimated attorneys' fees: | *$ 100,000.00* |
| D. | Estimated arbitration costs/expenses: | *$ 100,000.00* |
| | **Total Claim** | **$ 1,758,365.20** |

16.     Therefore, WEST-LOT'S total claim for breach of the maritime contract against Defendant LOGISTICA is in the aggregate USD 1,758,365.20.

20.     Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant LOGISTICA and Defendants LOGISTICA GENEVA and EGYPTIAN TRADERS that no separation exists between them, and the corporate form of Defendants LOGISTICA GENEVA and EGYPTIAN TRADERS has been disregarded such that Defendant LOGISTICA primarily transacted the business of Defendants LOGISTICA GENEVA and EGYPTIAN TRADERS.

21.     Upon information and belief, at all material times, Defendant LOGISTICA, operated in the name of Defendants LOGISTICA GENEVA and EGYPTIAN TRADERS

such that Defendant LOGISTICA was the beneficial owner of Defendants LOGISTICA GENEVA and EGYPTIAN TRADERS.

22.     Upon information and belief, LOGISTICA GENEVA and EGYPTIAN TRADERS hold themselves out as subsidiaries within the LOGISTICA network.

23.     Upon information and belief, LOGISTICA GENEVA and EGYPTIAN TRADERS are each one of several entities which is operated, controlled and managed as a single economic enterprise known as LOGISTICA.

24.     Upon information and belief, among the entities which comprise the LOGISTICA network, including LOGISTICA GENEVA and EGYPTIAN TRADERS, there is a commonality of control and management centered with LOGISTICA and an overlap of officers, directors and employees.

25.     Upon information and belief, at all material times, Defendant LOGISTICA and Defendants LOGISTICA GENEVA and EGYPTIAN TRADERS, have had overlapping ownership, management, personnel and purposes such that Defendant LOGISTICA and Defendants LOGISTICA GENEVA and EGYPTIAN TRADERS do not operate at arms length.

26.     Upon information and belief, at all material times, there has been an intermingling of funds between Defendant LOGISTICA and Defendants LOGISTICA GENEVA and EGYPTIAN TRADERS.

27.     Upon information and belief, at all material times, Defendant LOGISTICA has dominated, controlled and used Defendants LOGISTICA GENEVA and EGYPTIAN TRADERS for its own purposes, including as agents for the remittance of payment on maritime contracts, such that there is no meaningful difference between the entities.

28.     Upon information and belief, at all material times, Defendant LOGISTICA has disregarded the corporate form of Defendants LOGISTICA GENEVA and EGYPTIAN TRADERS to the extent that Defendant LOGISTICA, was actually carrying on LOGISTICA GENEVA and EGYPTIAN TRADERS'S business and operations as if the same were its own, or vice versa.

29.     Upon information and belief, Defendant LOGISTICA and LOGISTICA GENEVA operate and utilize the same principal business address.

30.     Upon information and belief, Defendant LOGISTICA utilizes the Defendants LOGISTICA GENEVA and EGYPTIAN TRADERS to transfer funds through, to and from the Southern District of New York on its behalf.

31.     Upon information and belief, there are reasonable grounds to conclude that the Defendants LOGISTICA GENEVA and EGYPTIAN TRADERS are the alter-egos of Defendant LOGISTICA and, therefore, Plaintiff WEST-LOT has a valid prima facie *in personam* claim against Defendants LOGISTICA GENEVA and EGYPTIAN TRADERS based upon alter ego liability.


## BASIS FOR ATTACHMENT

32.     Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for

the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

33.     Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.     That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property or any other funds held by any

Chalos & Co ref: 2043.005

garnishees in the district which are due and owing, or other property of, or for the benefit of,

the Defendants, up to the amount of USD 1,758,365.20 to secure and satisfy the Plaintiff's

claims, and that all persons claiming any interest in the same be cited to appear and pursuant

to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

      C.      That Plaintiff may have such other, further and different relief as may be just

and proper.


Dated: Oyster Bay, New York
       December 31, 2008

                      CHALOS & CO, P.C.
                      Attorneys for Plaintiff
                      WEST-LOT LIMITED, NAOUSIS

By:                           
                      George M. Chalos (GC-8693)
                      123 South Street
                      Oyster Bay, New York 11771
                      Tel: (516) 714-4300
                      Fax: (866) 702-4577
                      Email: gmc@chaloslaw.com

# EXHIBIT  1

# WEST-LOT LTD.

## DEBIT NOTE # 54880-2 DD 18/12/08

**Beneficiary:**    **WEST-LOT LIMITED**
Naousis, 1, Karapatakis Building, P.C. 6018, Larnaca, Cyprus
Acc.: 260031806
**Bank:** BNP PARIBAS, NEW YORK
Swift: BNPAUS3N (aba 026 – 007 – 689)
*In favour of :* BNP PARIBAS (SUISSE) SA, Geneva
Swift: BPPBCHGG
*For account :* West-Lot Limited
Acc. No: 85347/1M
IBAN: CH54 0868 6001 0853 4700 1

**Payer:**    **LOGISTICA HOLDING LTD**
86, JERMYN STR
SWIY 6AW LONDON

**Payment details:**    Payment of default for m/v KING A
as per CONTRACT NO. 54880 DD 03/10/08
**Vessel:**    M/V KING A

| | PRICE | MT | VALUE |
|---|---|---|---|
| SALES PRICE ON CONTRACT NO. 08-260369 DD 25/09/08 | 216,75 | 5 282,002 | 1 144 873,93 |
| SALES PRICE TO LIBYA | 125 | 5 282,002 | 660 250,25 |
| PRICE DIFFERENCE | 91,75 | 5 282,002 | 484 623,68 |
| DETENSION AT ABU QIR AND FREIGHT TO LIBYA | 113 000,00 | | |
| PRELIMINARY DEMURRAGE AT PORT OF DISCHARGE AT LIBYA | 4 000,00 | 12 days | 48 000,00 |
| ADDITIONAL SURVEY EXPENSES | 1 360,00 | | |
| INSURANCE | 871,53 | | |
| BANK INTEREST 26 DAYS | 5 708,69 | | |
| TOTALLY TO BE PAID | 653 563,90 | | |

**AMOUNT TO BE PAID:**    653 563,90

*In words :*
Six hundred fifty three thousand five hundred sixty three US dollars 90 cents
*Ref.: When paying all banking charges for Sender's account*

**Ms. Tatiana Rybalchenko**

# EXHIBIT 2

# WEST-LOT LTD.

## DEBIT NOTE # 08-260369-2 DD 18/12/08

**Beneficiary:**

**WEST-LOT LIMITED**
Naousis, 1, Karapatakis Building, P.C. 6018, Larnaca, Cyprus
Acc.: 260031806
**Bank:** BNP PARIBAS, NEW YORK
Swift: BNPAUS3N (aba 026 – 007 – 689)
*In favour of*: BNP PARIBAS (SUISSE) SA, Geneva
Swift: BPPBCHGG
*For account*: West-Lot Limited
Acc. No: 85347/1M
IBAN: CH54 0868 6001 0853 4700 1

**Payer:**

**LOGISTICA HOLDING LTD**
86, JERMYN STR
SWIY 6AW LONDON

**Payment details:**

Payment of default for m/v FURKAN
as per CONTRACT NO. 08-260369 DD 25/09/08

**Vessel:**

| | Price | M/V Quantity | Furcan Value |
|---|---|---|---|
| Purchase | | 221 | 5334.860 | 1,179,004.06 |
| Sales with allowance | | 223.88 | 5334.860 | 1,194,368.46 |
| Freight to Abu Qir | | 39 | 5334.860 | 208,059.54 |
| Re-sale price | | 138 | 5334.860 | 736,210.68 |
| Demurrage at Abu Qir and deviation to Syria | | 110,000.00 | |
| Demurrage at Syria | | 18,437.50 | |
| Additional Insurance | | 1,034.00 | |
| Additional inspection | | 971.80 | |
| Bank interest on financing | | 4,810.09 | |
| **TOTALLY TO BE PAID** | | **593,411.17** | |

*In words* :
Five hundred ninety three thousand fiur hundred eleven US dollars 17 cents
*Ref.: When paying all banking charges for Sender's account*

**Ms. Tatiana Rybalchenko**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

WEST-LOT LIMITED, NAOUSIS

                                      Plaintiff,            08 CV

-v-
                                                           **VERIFICATION OF**

LOGISTICA HOLDING LTD, LOGISTICA       **COMPLAINT**
HOLDING LTD, GENEVA BRANCH, and
EGYPTIAN TRADERS CO.
                                    Defendants.

------------------------------------------------------------------------x

         Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

1.      I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, WEST-LOT LIMITED, NAOUSIS herein;

2.      I have read the foregoing Verified Complaint and know the contents thereof; and

3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4.      The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

         I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Oyster Bay, New York
          December 31, 2008

                                   CHALOS & CO, P.C.
                                   Attorneys for Plaintiff
                                   WEST-LOT LIMITED, NAOUSIS

By:    _____
                                   George M. Chalos (GC-8693)
                                   123 South Street
                                   Oyster Bay, New York 11771
                                   Tel: (516) 714-4300
                                   Fax: (866) 702-4577
                                   Email: gmc@chaloslaw.com

Chalos & Co. Ref: 2043.005